UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK MCELVEEN | CIVIL ACTION |
| VERSUS | NO. 17-7433 |
| WATERMAN STEAMSHIP CORPORATION, ET AL | SECTION A(1) |

## ORDER AND REASONS

Before the Court is a **Motion to Transfer (Rec. Doc. 6)** submitted by Defendant Waterman Steamship Corporation ("Waterman"). Plaintiff Jack McElveen ("McElveen") opposes this motion (Rec. Doc. 9) and Defendant has replied. (Rec. Doc. 11). Also before the Court is a **Motion to Remand or, Alternatively, for Abstention (Rec. Doc. 10)** submitted by Plaintiff McElveen. Defendant opposes this motion (Rec. Doc. 11) and Plaintiff has replied. (Rec. Doc. 21). The motions, both set for submission on September 20, 2017, are before the Court on the briefs without oral argument. The Court will address and rule on both motions in this Order and Reasons. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion to remand is **GRANTED** for the reasons set forth below. Having granted Plaintiff's motion to remand, this Court denies Defendant's motion to transfer.

**I.  Background**

According to his state court Petition, Plaintiff worked as a Jones Act seaman aboard the M/V Maersk Alabama. (Rec. Doc. 1-2, p. 2). On or about July 24, 2012, Plaintiff was instructed to clean out the ship's freezer. *Id.* Plaintiff allegedly fell twisting his knee and hitting his back while moving a box out of the freezer. *Id.* Plaintiff's injuries allegedly occurred from this accident

and Plaintiff seeks damages for his injuries, as well as maintenance and cure benefits, and attorney's fees. *Id.* at p. 5.

On October 11, 2013, Plaintiff filed suit against Waterman and ABC Insurance Company. (Rec. Doc. 10-1).[1] Plaintiff's suit seeks damages from Waterman pursuant to the Jones Act and general maritime law, unseaworthiness, and maintenance and cure. *Id.* On November 5, 2013, Waterman answered Plaintiff's Petition for Damages generally denying the allegations of Plaintiff. *Id.* at p. 3.

After several years of litigation, Waterman filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York on July 31, 2016. (Rec. Doc. 6-1, p. 2). On March 2, 2017, the U.S. Bankruptcy Court for the Southern District of New York issued a "Findings of Fact, Conclusions of Law and an Order Confirming First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and Its Affiliated Debtors." *Id.* at pp. 1–2. On July 3, 2017, Waterman emerged from bankruptcy. (Rec. Doc. 6-1, p. 2).

On August 2, 2017, Waterman removed this action from state court to this Court. (Rec. Doc. 1). Waterman removed pursuant to 28 U.S.C. §§ 1441(a) and 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure and alleges jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b). (Rec. Doc. 1, p. 2).

Thereafter, on August 22, 2017, Waterman filed a Motion to Transfer Case to the U.S. Bankruptcy Court for the Southern District of New York or Alternatively, to Refer to the U.S. Bankruptcy Court for the Eastern District of Louisiana. (Rec. Doc. 6). On August 31, 2017, Plaintiff filed a Motion to Remand or, Alternatively, for Abstention. (Rec. Doc. 10). Both parties

---

[1] Plaintiff has since amended his complaint to name Waterman's insurer, Standard Club, as an additional defendant. (Rec. Doc. 18).

2

have filed their respective oppositions and replies. The Court has consolidated its analysis of each motion, and will rule on each motion in this Order and Reasons.

## II. Standard

A defendant may remove a civil action filed in a state court if it at least relates to a bankruptcy case. *See* 28 U.S.C. §§ 1334, 1452(a). "The removing party bears the burden of establishing that federal jurisdiction exists" at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[T]he jurisdictional facts that support removal must be judged at the time of removal . . . ."). A district court must act on a timely motion to remand based on a defect in removal procedure. 28 U.S.C. § 1447(c); *see also Butcher v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993). A district court also must remand an action if at any time before final judgment it appears that the court lacks subject matter jurisdiction. *Id.*

## III. Law and Analysis

Defendant's motion first argues that this matter should be transferred to the U.S. Bankruptcy Court for the Southern District of New York. (Rec. Doc. 6-1, p. 2). This argument initially relies on 28 U.S.C. § 1409[2] which specifies the proper venue for civil proceedings that arise during the course of a title 11 case and are brought in bankruptcy court. 1–4 Collier on Bankruptcy ¶ 4.03 (16th ed. 2017). Defendant then cites 28 U.S.C. § 1412 as the proper procedural mechanism to transfer the case to the proper venue. (Rec. Doc. 6-1, p. 2). 28 U.S.C. § 1412 states that "[a] district court may transfer a case or proceeding under title 11 . . . to a district court for another district, in the interest of justice or for the convenience of the parties." Defendant finds

---

[2] 28 U.S.C. § 1409(a) provides: "Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such a case is pending."

additional support for transfer in 28 U.S.C. § 157(a).[3] Defendant contends that this case is related to the bankruptcy proceeding because Plaintiff is seeking to recover from a party who went through Chapter 11 bankruptcy, and therefore any of Defendant's potential obligations may have an effect on the administration of the estate. (Rec. Doc. 6-1, p. 3).

Alternatively, Defendant argues this Court should refer the matter to the U.S. Bankruptcy Court for the Eastern District of Louisiana for eventual transfer to the U.S. Bankruptcy Court for the Southern District of New York. (Rec. Doc. 6-1, p. 4). In support, Defendant relies on Local Rule 83.4[4] read in conjunction with 28 U.S.C. § 157(b)(5)[5] of the Bankruptcy Code to argue that the proper court to rule on this matter is the U.S. Bankruptcy Court for the Southern District of New York.

On the other hand, Plaintiff contends that removal was improper in the first place. Plaintiff first argues that Jones Act claims filed in state court may not be removed to federal court pursuant to 28 U.S.C. § 1445(a). (Rec. Doc. 10-1, p. 6). Secondly, Plaintiff asserts that removal was improper as bankruptcy jurisdiction does not exist under 28 U.S.C. § 1334. According to Plaintiff, this case does not sufficiently "relate to" or "arise under" a Title 11 proceeding. (Rec. Doc. 10-1, p. 7–8). Lastly, Plaintiff presents the alternative argument of asking this Court to either equitably remand this case to state court under 28 U.S.C. § 1452(b) or abstain in the interest of justice under 28 U.S.C. § 1334(c)(1). (Rec. Doc. 10-1, p. 12).

---

[3] 28 U.S.C. § 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."
[4] Local Rule 83.4 provides: "All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district. As set forth in 28 U.S.C. 157(b)(5), personal injury tort and wrongful death claims must be tried in the district court. [Amended February 1, 2011]."
[5] 28 U.S.C. § 157(b)(5) of the Bankruptcy Code provides: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

### A. Removal Under § 1452(a)

Of the two motions before the Court, the logical starting point is analyzing whether removal of this case was warranted in the first place. Plaintiff argues that Defendant's removal to federal court was improper. (Rec. Doc. 9, p. 5). Titled "Nonremovable actions," § 1445(a) states: "A civil action in any State court against a railroad or its receivers or trustees, arising under [the Federal Employer's Liability Act (FELA)] (45 U.S.C. 51–54, 55–60), may not be removed to any district court of the United States." 28 U.S.C. § 1445(a). The Jones Act incorporates the general provisions of FELA, including § 1445(a). *Lirette v. N.L. Sperry Son, Inc.,* 810 F.2d 533, 535 (5th Cir. 1987). Accordingly, a Jones Act claim filed in state court may not be removed to a federal court. *Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir. 1952).

On the other hand, Defendant argues that the bankruptcy removal statute, § 1452, does not expressly preclude removal of Jones Act claims. (Rec. Doc. 11, p. 10). Defendant extensively relies on § 1452(a), which states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C. § 1452(a).

It is Defendant's position that § 1452(a) allows for removal of Plaintiff's suit because Plaintiff's cause of action does not fall within the exception of a "proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power." (Rec. Doc. 11, p. 11).

Therefore, whether this Court should remand Plaintiff's Jones Act claim turns on the conflict between the bankruptcy removal statute and the Jones Act non-removal provision.

5

The Court agrees with Plaintiff. Defendant's principle case on point is *Henry v. Kansas City Southern Railway Company*, No. 10-469, 2010 WL 27440016 (W.D. La. 2010). However, *Henry* is factually distinguishable from this case in that plaintiff in *Henry* ("Henry") was a debtor in bankruptcy that filed a claim under FELA. *Id.* (Rec. Doc. 21, p. 11). Henry's FELA claim comprised an asset of his bankruptcy estate pursuant to § 541(a) of the Bankruptcy Code. *Id.* In the case before this Court, Plaintiff is not undergoing bankruptcy proceedings. Rather, it is the Defendant that has already underwent bankruptcy proceedings. Moreover, the *Henry* decision was decided while Henry's bankruptcy proceeding was ongoing. *Henry,* at *1 (The *Henry* decision was decided in July of 2010. Henry was not scheduled to be discharged from bankruptcy until 2014). Here, Defendant has already emerged from bankruptcy. Therefore, Plaintiff's claim will not affect any portion of Defendant's "ongoing" bankruptcy proceedings.

Moreover, the Court is not convinced with the reasoning in *Henry* that the removable aspect of § 1452 trumps the non-removable aspect of § 1445. Rather, this Court agrees with four previous rulings from the Eastern District of Louisiana that a true Jones Act claim is not removable absent a plaintiff's waiver of his objection.

Various judges in the Eastern District of Louisiana have decided four cases that dealt with the specific issue of whether FELA's non-removal provision, 28 U.S.C. § 1445(a) trumps the bankruptcy removal statute, 28 U.S.C. § 1452(a). In *McCrae v. Lykes Brothers Steamship Co.*, Chief Judge Sear held, "it is axiomatic that Jones Act suits may not be removed from state court because [the Jones Act] incorporates the general provisions of [FELA], including 28 U.S.C. § 1445(a), which in turn bars removal. No. 98-3240, 1998 WL 898467, at *1 (E.D. La. 1998) (citing *Lackey v. Atlantic Ritchfield Co.*, 990 F.2d 202, 206 (5th Cir. 1993)). In *Quadri v. Lykes Brothers Steamship Co.*, Judge Clement addressed the same issue as Judge Sear holding, "[t]he reasoning

of the Honorable Morey L. Sear in *McRae* is directly applicable to the instant case. Jones Act cases filed in state court are generally not removable. 46 U.S.C. § 1445(a)." No. 98-3239, 1999 WL 5672, at *2 (E.D. La. 1999) (citations omitted). This Court then addressed the same issue in *Aiken v. The United Kingdom Mutual Steamship Assurance Association*, No. 98-3238, 1995 U.S. Dist. LEXIS 315, at *4 (E.D. La. 1999). In *Aiken*, Judge Clement again remanded in accordance with the principle that "Jones Act cases filed in state court are generally not removable." *Id.* In addressing the same issue as the above cases, Judge Vance held that "[a] Jones Act claim filed in state court "generally is not removable despite an independent basis of federal jurisdiction unless the Jones Act claim is joined with a separate and independent claim that is within our federal jurisdiction." *Bennett v. United Kingdom Mutual Steamship Assurance Association*, No. 98-3237, 1999 WL 13996, at *1 (E.D. La. 1999) (citations omitted).

Each of the above cases addresses the same issue currently before this Court. Each has held that under § 1445(a) the non-removability of Jones Act claims applies even when Plaintiff's claim may be related to Defendant's proceeding in bankruptcy. This Court holds the same.

### B. Equitable Remand

Regardless of finding that removal was improper under § 1445, this Court finds that equitable remand is proper under 28 U.S.C. § 1452(b). 28 U.S.C. § 1452(b) provides:

> The court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Section 1452(b) gives broad discretion to the district courts to remand a removed claim to the state court from which it came. 1-3 Collier on Bankruptcy ¶ 3.07[6] (16th ed. 2017). In defining what is considered an "equitable ground" under § 1452(b), courts construe "equitable" not in a legal

7

traditional sense, but instead with equitable meaning "reasonable, fair, or appropriate." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 133 (1995) (Ginsburg, J., concurring). Moreover, "equitable," as used in § 1452(b), has been interpreted to mean "just and impartial" and "dealing fairly and equally with all concerned." *Id.*

In determining whether remand of a particular case under § 1452(b) would be equitable, the Fifth Circuit has provided the following factors to determine if remand is necessary:

> (1) forum *non conveniens*, (2) a preference for a bifurcated action to be tried in the same court; (3) whether the state court is better able to respond to questions involving state law; (4) expertise of the court; (5) duplicative and uneconomic effort of judicial resources; (6) prejudice to the involuntarily removed parties; (7) comity; (8) a lessened possibility of an inconsistent result; (9) the presence in the proceeding of nondebtor parties; (10) the absence of any basis for jurisdiction other that 1334; (11) the predominance of state law issues; (12) the degree of relatedness of the proceeding to the bankruptcy case; and (13) the likelihood of forum shopping.

*Nase v. TECO Energy, Inc.*, 2010 WL 924290, at *4 (E.D. La. 2010) (citing *Brown v. Navarro*, 743 F.2d 1069, 1077 n. 21 (5th Cir. 1984) (citations omitted)).[6] Applying these factors to the present case, it is clear that that this matter is best suited for remand.

First, remanding this action to state court does not require Defendant to engage in related litigation in different forums. Nothing in the pleadings suggests that necessary evidence or witnesses are located in the Southern District of New York. Moreover, this Court finds Louisiana to be the more suitable forum as Plaintiff is a resident of Orleans Parish and Defendant is a business corporation having its registered office for Louisiana in New Orleans. (Rec. Doc. 10-1).

Secondly, this action is only peripherally related to Defendant's bankruptcy proceeding. Plaintiff's Jones Act claim is not a core proceeding to Defendant's bankruptcy proceeding. The

---

[6] In *Browning*, the Fifth Circuit interpreted 28 U.S.C. § 1478(b), which was reenacted and slightly amended as § 1452(b).

fact that Defendant has emerged from bankruptcy also supports a finding that this case is not a core proceeding.

Third, this Court finds transfer of this case to the Southern District of New York would substantially prejudice the Plaintiff as this case has been pending in state court for four years. Additionally, the cost and burden on Plaintiff of having to try this already unduly delayed matter in New York would increase substantially. The Court agrees with Plaintiff's argument that removal at this stage would ignore Plaintiff's efforts in the Louisiana state court in moving this case to trial and would result in wasted time and effort. (Rec. Doc. 10-1, p. 16). The Court finds this is precisely the type of case where equity and fairness demand that this case be remanded.

**IV.    Conclusion**

For the reasons stated above, this Court holds that Plaintiff's Motion to Remand is granted. Defendant's Motion to Transfer is denied.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Remand (Rec. Doc. 10)** is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's **Motion to Transfer (Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of October, 2017

                                                                                JUDGE JAY C. ZAINEY
                                                                                UNITED STATES DISTRICT JUDGE

9